[Crim. No. 7983. Second Dist., Div. Four. June 11, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HARVEY H. YODER, Defendant and Appellant.

Harvey H. Yoder, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—By an information filed by the district attorney of Los Angeles County, defendant Harvey H. Yoder was charged with two counts of robbery in violation of section 211 of Penal Code.

The information further alleged that defendant had suffered two prior convictions of felonies, to wit, stealing an automobile in the State of Nebraska and the crime of burglary in the State of Nevada and that he had served separate terms of imprisonment therefor in state prisons.

Defendant was represented by counsel and had a jury trial. Prior to the commencement of the trial, defendant admitted the priors as alleged in the information. Defendant was found guilty as charged in the information; the jury returned its verdict of guilty of the crime of robbery as to both counts. It found that defendant was armed at the time of the

commission of the offenses and fixed the degree of the crime in each instance as robbery in the first degree. A probation report was ordered; probation was denied and defendant was sentenced to state prison for the term prescribed by law. Sentences as to counts one and two were ordered to run concurrently with each other.

Defendant applied for appointment of counsel to assist him on appeal. This court having made an independent investigation of the record and having determined it would be neither advantageous to defendant nor helpful to the court to have counsel appointed, denied the application, whereupon defendant prosecutes this appeal in propria persona. Defendant was notified and given ample time to file a brief. None has been filed. However, we have given the appeal full consideration.

 There was evidence of the following facts:

James Edmundson testified that he was a clerk at Chick's Liquors, 1954 Colorado Boulevard, and on the evening of April 13, 1961, at about 8:30 p. m. the defendant walked through the door, pulled a gun and told him to raise his hands. The witness stated: "He told me to open the register and another fellow with him started behind the counter, and attempted to open the register. Defendant pointed the gun at me after he had opened the register and told me to go into the back room. I went into the back room and defendant followed me. More than $200 was taken from the register. Defendant raised the gun up to my head and told me not to move or he would blow my head off and I told him I wasn't going anywhere. After the money was taken defendant lowered the gun and said, 'I am leaving now don't come out,' so with this he leaves."

William M. Milne testified that he was in the store at the time of the robbery visiting the witness Edmundson. Milne stated that defendant entered the store with a gun in his hands and that he saw the robbery; that he heard defendant say, "If you make a move I'll blow your . . . head off."

Albert Mauk testified he was a clerk in the liquor store known as Gibbons Liquor Store, at Third and Lucas Street; that on the evening of April 18, 1961, at approximately 11:30, two customers came in; when he asked if he could wait on them one turned and looked at the other who had a gun in his hand; the latter pointed the gun at the witness and the other man opened up the cash register; the men took $99 and some liquor from the shelves. Mauk further testified that

during the robbery one of the men asked "Where the house gun was." Mauk pointed to the gun when he closed the cash register; defendant Yoder took the gun and put it in his belt.

Defendant testified in his own behalf. He denied he committed the robberies and stated he did not know where he was on the date that the robberies were committed.

There was positive identification in this case. The evidence was sufficient to sustain the verdict. ▮▮▮ As stated in *People* v. *Sweeney,* 55 Cal.2d 27, 51 [9 Cal.Rptr. 793, 357 P.2d 1049] : "It is not the province of the reviewing court to overturn the jury's verdict when it is supported by substantial evidence including the reasonable inferences to be drawn therefrom. [Citation.]"

We find no error in the conduct of the trial. The appeal is without merit. Judgment is affirmed.